

mwe.com

Edward B. Diskant
Partner
ediskant@mwe.com
+1 212 547 5754

October 21, 2024

Hon. Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Richard v. Combs, et al*., Case No. 1:24-cv-6848 (KPF)

Dear Judge Failla:

We represent defendant UMG Recordings, Inc. ("UMGR")[1] in the above-captioned matter. We write pursuant to Section 4.A. of Your Honor's Individual Practices to respectfully notify the Court that UMGR intends to file a motion to dismiss ("Motion") the complaint filed by Plaintiff Dawn Richard (the "Complaint" or "Compl.") and, if the Court deems appropriate, request a Pre-Motion Conference regarding the same.[2] The Motion will seek dismissal of the Complaint as against UMGR in its entirety.[3]

### I.     Dismissal Pursuant to Rule 12(b)(6) is Appropriate for Failure to State a Claim

The gravamen of the Complaint alleges intentional tortious conduct by defendant Sean Combs ("Combs") that is wholly unrelated to UMGR. In fact, the Complaint barely mentions any UMGR entities—the 273-paragraph Complaint contains only four paragraphs that even state factual allegations regarding UMGR, none of which allege that UMGR contracted, communicated, or engaged with *Plaintiff* in anyway. Taken as true, the most that can be inferred about UMGR from the Complaint's factual allegations is: Combs founded the record label Bad Boy Entertainment ("Bad Boy") (Compl. ¶ 15); around late 2009 or early 2010, Bad Boy entered into a distribution agreement with Interscope (the "Agreement") (*id.* ¶ 67); pursuant to the Agreement, Interscope promoted one album featuring Plaintiff, which was Diddy-Dirty Money's *Last Train to Paris* album (*id.* ¶70); on one occasion, prior to executing the Agreement, Combs hosted a dinner at a West Hollywood, California restaurant that Plaintiff and Interscope executive Jimmy Iovine both attended; (*id.* ¶ 68); and, at this dinner, Combs allegedly assaulted his ex-girlfriend, Cassie Ventura, in front of unspecified dinner guests (*id.*). Notably, despite raising claims as to UMGR all of which would require proving direct acts or statements by UMGR, or contracts between Plaintiff and UMGR, no such allegations appear anywhere in the Complaint.

**Count One: Violation of The Victims of Gender-Motivated Violence Act, N.Y.C. Admin. Code §§ 10-1101, et seq. ("GMVL").** Plaintiff's GMVL claim against UMGR must be dismissed. *First*,

---

[1] Incorrectly sued in this matter as "Universal Music Group NV" and "Interscope Geffen A&M Records" ("Interscope").
[2] To the extent that other defendants also intend to move to dismiss, UMGR respectfully requests the Court set a global briefing schedule for the case.
[3] UMGR has briefly outlined its arguments herein but reserves its rights to make additional arguments in a fully briefed Motion.



One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Hon. Katherine Polk Failla
October 21, 2024

prior to a 2022 amendment, the GMVL did not provide for corporate liability and, given that the Complaint's allegations as to UMGR extend, at most, until 2012,[4] the GMVL cannot be applied retroactively. *See Gottwald v. Sebert*, No. 653118/2014, 2016 WL 1365969, at *9 (Sup. Ct. N.Y. Cty. Apr. 06, 2016) (showing prior to 2022 that corporate defendants "cannot be liable under [the GMVL] because the statute, on its face, is limited to violence committed by 'an individual'"); *J.L. v. Rockefeller Univ.,* No. 950131/2020, 2023 WL 3757389, at *11 (Sup. Ct. N.Y. Cty. May 25, 2023) (holding that the GMVL does not apply retroactively). *Second*, there are insufficient allegations as to how or why UMGR should be liable under the GMVL and, in particular, no allegations as to how or why Iovine's alleged attendance at a dinner in California where Combs allegedly assaulted someone other than Plaintiff should have put UMGR on notice of gender animus.[5] (Compl. ¶¶67-70.) Nor are there allegations as to how UMGR enabled future, unrelated acts of violence against Plaintiff in New York City based on the one altercation between Combs and Ms. Ventura in California.[6]

**Count Three: Forced Labor in Violation of 18 U.S.C. §§ 1589 and 1595.**[7] Plaintiff's cause of action for forced labor under the Trafficking Victims Protection Act ("TVPA") against UMGR fails because the Complaint does not establish any required element of this claim. There are no allegations that UMGR obtained Plaintiff's labor through force or threats or participated in any scheme or plan to cause Plaintiff to work under fear of serious harm. Moreover, a claim under the TVPA requires a Plaintiff to establish scienter, and the Complaint has no allegations that UMGR "knowingly" obtained or benefitted from labor unlawfully obtained. *See Smith v. AECOM Tishman*, No. 21-CV-02915 (PGG) (SDA), 2022 WL 19410315, at *5 (S.D.N.Y. June 1, 2022 ("Plaintiff's claim under the TVPA is frivolous . . . [n]one of these [statutory] elements is present here. Plaintiff was not forced by Defendants to work.").

**Count Seventeen: Violation of Right of Publicity Under New York Civil Rights Law § 50 and § 51 and Unjust Enrichment.** Plaintiff's cause of action for violation of the right of publicity must be dismissed. *First*, the Complaint fails to allege how **UMGR** used Plaintiff's voice, likeness, image, or persona for promotional purposes. *See Bendit v. Canva, Inc*., No. 23-CV-473 (RA), 2023 WL 5391413, at *8–9 (S.D.N.Y. Aug. 22, 2023). Nor are there any allegations that UMGR made or published advertisements in New York. *See id.* ("[T]he Complaint nowhere alleges that any purportedly offending advertisements were actually distributed in New York. Rather, it alleges only that they were 'published and republished . . . in numerous advertisements and websites throughout the world'. . . . This is plainly insufficient.). *Second*, New York's right of publicity "cannot be invoked for what is really a contract dispute." *Franconero v. Universal Music Corp*., No. 02 CIV. 1963 (RO), 2003 WL 22990060, at *3 (S.D.N.Y. Dec. 19, 2003). Here, while Plaintiff had no contract with UMGR (as discussed below), the

---

[4] Although Plaintiff only alleges 2009-10 as the timeframe for her allegations against UMGR, the latest arguable allegation that could be attributable to UMGR is 2012, as Plaintiff describes her "tenure with Defendants" as 2005-12. (Compl. ¶108.)

[5] Even if a UMGR employee attended that dinner, courts routinely find that a lone act of violence against a woman, however heinous, is not itself sufficient to allege gender-based animus for a GMVL claim. *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (dismissing GMVL claim and finding that an alleged rape, though despicable, did not demonstrate that an alleged offender's actions were motivated by feelings of animosity against women); *Gottwald*, 2016 WL 1365969, at *9 (finding no animus to women generally despite allegations that defendant repeatedly drugged and raped plaintiff, made negative comments about plaintiff's body, and threatened to destroy plaintiff's career).

[6] The GMVL only applies to acts that occurred in *New York City. See, e.g.*, *Doe v. Telemundo Network Grp. LLC*, No. 22 CIV. 7665 (JPC), 2023 WL 6259390, at *12 (S.D.N.Y. Sept. 26, 2023).

[7] Should the Court dismiss Count Three — which it should — the Court should also decline to exercise supplemental jurisdiction over the remaining four state law claims asserted against UMGR. *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction").

core of her claim arises from her contractual agreements *with Combs*[8]—primarily that Combs required her to perform and attend promotional events, she performed and attended those events but was not paid by Combs. (Compl. ¶¶ 80-81, 213.) Plaintiff's allegations (at most) support a contract dispute between Plaintiff and Combs only, not a violation of the right of publicity. Finally, Plaintiff's unjust enrichment claim fails because it is duplicative of her other causes of action. *See Rostropovich v. Koch Int'l Corp.*, No. 94 CIV. 2674 (JFK), 1995 WL 104123, at *7–8 (S.D.N.Y. Mar. 7, 1995) ("[T]o the extent this claim is predicated on the defendants' use of Rostropovich's name and likeness, the claim is barred by New York Civil Rights Law Section 51, which is the sole remedy for use of a plaintiff's name or likeness.").

**Count Twenty: Breach of Implied Covenant of Good Faith & Fair Dealing.** This claim fails because Plaintiff has not alleged any contract between herself and UMGR. Without the existence of a contract, this claim is legally unavailing. *See Imperium Blue Acquisition Partners, LLC v. Marathon Asset Mgt., L.P.,* 2024 NY Slip Op. 33042(U), 2024 WL 3967343, at *6 (Sup. Ct. N.Y. Cty. Aug. 28, 2024).

**Count Twenty-One: Fraud / Intentional Misrepresentation / False Promise.** Plaintiff's fraud claim must be dismissed because she "fails to allege [fraud as to UMGR] with the requisite particularity." *See Tears v. Boston Sci. Corp.*, 344 F. Supp. 3d 500, 514-15 (S.D.N.Y. 2014). Plaintiff has not plead any actionable misrepresentation made by UMGR to Plaintiff or allegations suggesting that UMGR intended to defraud plaintiff. *See Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 599 (S.D.N.Y. 2017); *Twohig v. Shop-Rite Supermarkets, Inc.*, No. 20-CV-763 (CS), 2021 WL 518021, at *7 (S.D.N.Y. Feb. 11, 2021).

## II. Plaintiff's Claims as Against UMGR are Time Barred

Even if Plaintiff sufficiently plead facts that could plausibly state a claim against UMGR, which she did not, Counts Three, Seventeen, Twenty, and Twenty-One are all time-barred.[9] Because the Complaint's allegations as to UMGR extend, at most, until 2012, the statute of limitations has run as to Count Three (2022), Count Seventeen (2013), and Counts Twenty and Twenty-One (2018). Nor do the Complaint's conclusory allegations of "duress" warrant equitable tolling. (*See* Compl. ¶¶ 131, 218, 259, 273.) *First*, duress will not toll the statute of limitations for Counts Seventeen, Twenty and Twenty-One which are unrelated to duress. *Schmidt v. Bishop*, 779 F. Supp. 321, 330–31 (S.D.N.Y. 1991). *Second*, as to Count Three, Plaintiff has made no allegations that *UMGR* subjected her to duress. Indeed, even with respect to Combs, Plaintiff alleges no threats or acts of violence at any time after 2012.

Respectfully submitted,

Edward B. Diskant

cc: All counsel of record via ECF

---

[8] Plaintiff alleges multiple contracts with Combs and/or the Bad Boy entities. For example, Plaintiff alleges that in 2009 she "entered a contract" with The Sean Comb Music, Inc that entitled her to a payment of "5% per performance" and that she was required to "assign the publishing administration to Defendants." (Compl. ¶ 238.; *see also* ¶ 54.)

[9] UMGR may seek dismissal of Count I as time barred because New York's Adult Survivor's Act preempts the revival window attributable to the GMVL. *Bellino v. Tallarico*, No. 24-CV-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024).