

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Roy P. Salins**
212.603.6435 tel
212.489.8340 fax

roysalins@dwt.com

October 30, 2024

**By ECF Filing**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   Richard v. Combs, et al., Case No. 24 Civ. 6848

Dear Judge Failla:

This firm represents defendants New Remote Productions Inc. and Remote Productions Inc. (collectively, the "Remote Defendants"). Pursuant to Section 4.A of the Court's Individual Rules of Practice in Civil Cases, we respectfully request a pre-motion conference in connection with the Remote Defendants' anticipated motion to dismiss the Complaint ("Compl.").

The Remote Defendants are production companies that, among other things, were involved with the production of the MTV reality series, *Making The Band*, on which Plaintiff was a contestant. As a threshold matter, Plaintiff improperly and ambiguously lumps the Remote Defendants with eight other defendants, collectively referring to these defendants as "Bad Boy Records" on the basis of threadbare (and incorrect) allegations regarding alleged successors-in-interest to the Remote Defendants. (Compl. ¶¶ 9, 15, 236.) The Complaint, however, contains zero factual allegations in support of this theory of liability and no facts regarding why or how any of the 10 entities listed in paragraph 9 of the Complaint are liable for the acts of one another. Significantly, unlike the other "Bad Boy Records" defendants, the Remote Defendants had no relationship relevant to this action with either Mr. Combs or Plaintiff beyond the production of the original show *Making the Band*, which ended in 2009. Any attempt by Plaintiff to assert all 21 claims against the Remote Defendants would be frivolous, and the Remote Defendants reserve all rights to move to dismiss each of those claims, if necessary. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").[1]

---

[1] The Remote Defendants do not waive and expressly reserve the right to assert any additional defenses and arguments in their motion to dismiss, including in response to all of the claims in the Complaint, if necessary.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Accordingly, the Remote Defendants limit their remaining correspondence herein to addressing the two claims pleaded generally as to "All Defendants": Count 20 for breach of the implied covenant of good faith and fair dealing; and Count 21 for fraud/intentional misrepresentation/false promise. Each of these claims is time-barred and legally deficient and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### I. The Claims Against the Remote Defendants Are Time-Barred

Plaintiff's claims against the Remote Defendants are time-barred under the six-year statute of limitations governing claims of breach of the implied covenant of good faith and fair dealing and fraud. In concession of this point, and in anticipation of a motion to dismiss, Plaintiff baldly alleges that "Defendants' continuous death threats and coercion prevented Plaintiff from asserting her rights within the statutorily proscribed period" and as such, "Defendants should be estopped from asserting the statute of limitations as a defense due to the duress exerted upon Plaintiff." (Compl. ¶¶ 259, 273.) But these claims do not involve an element of duress, and even if they did, there would be no basis to toll the limitations periods with regard to the Remote Defendants, who are merely grouped together with "all defendants," including Bad Boy Records in connection with a generalized allegation of duress. *See Cullen v. Margiotta*, 811 F.2d 698, 722 (2d Cir. 1987) (noting that duress does not toll a claim for fraud); *Adams v. Jenkins*, No. 115745/03, 2005 N.Y. Misc. LEXIS 8685, at *4 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) ("There is no basis for equitably tolling the running of the statute based on general claims of psychological stress, even when allegedly caused by defendant."). Indeed, Plaintiff fails to plead specific allegations against the Remote Defendants in Counts 20 or 21 of the Complaint, and the latest factual allegation regarding any conduct involving the Remote Defendants is 2009. (Compl. ¶ 235.) Accordingly, Plaintiff's claims are time-barred and should be dismissed.

Moreover, any attempt by Plaintiff to revive these claims against the Remote Defendants under the New York City Victims of Gender-Motivated Violence Act ("VGMVA"), would likewise be unavailing. The VGMVA extends the statute of limitations for an "alleged crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1105. The VGMVA is plainly inapplicable to Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and fraud, as neither is a "crime of violence motivated by gender" and Plaintiff makes no allegations to the contrary.[2] *Compare Reid v. McKelvey*, No. 22 Civ. 10708, 2024 U.S. Dist. LEXIS 176975, at *10 (S.D.N.Y. Sept. 30, 2024) (holding that New York's Adult Survivors Act does not revive tort claims that are not the "result of" conduct that constitutes a sexual offense under the penal code).

---

[2] The statute defines a "crime of violence" as "an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction." N.Y.C. Admin. Code § 10-1103.

Honorable Katherine Polk Failla
October 30, 2024
Page 3

## II.     Plaintiff Fails to State a Claim Against the Remote Defendants

Plaintiff's failure to particularize either of her claims against the Remote Defendants and her reliance on group pleading is fatal to her claims.  First, to plead a breach of the implied covenant of good faith and fair dealing, a plaintiff must "allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Miller v. Brightstar Asia, Ltd.*, No. 20 Civ. 4849, 2023 U.S. Dist. LEXIS 215633, at *10 (S.D.N.Y. Dec. 4, 2023).  Plaintiff fails to satisfy the basic elements of this claim as she fails to plead any specific obligation or breach by the Remote Defendants that would not, in any event, be duplicative of Plaintiff's other claims.  *See* Compl. ¶¶ 246-259.

Second, Plaintiff fails to plead a plausible claim of fraud against the Remote Defendants. Where, as here, a case involves multiple defendants, the particularity requirement of Fed. R. Civ. P. 9(b) requires Plaintiff to inform each defendant of the nature of the alleged participation in the alleged fraud.  Plaintiff pleads this claim generally as to all "Defendants" and fails to provide specific allegations regarding any actionable misrepresentation made by the Remote Defendants or any intent by the Remote Defendants to defraud Plaintiff.  As such, this claim, too, should be dismissed.  *See*, *e.g.*, *DiVitorrio v. Equidyne Extractive Indus., Inc.*, 822 F.2d. 1242, 1247 (2d Cir. 1987) ("[F]raud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations. Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of [its] alleged participation in the fraud."); *Regnante v. Sec & Exch. Officials*, 134 F. Supp. 3d 749, 771 (S.D.N.Y. 2015) (granting motion to dismiss for failing to particularize each defendant's misconduct).

We thank the Court for its consideration.

Respectfully submitted,

/s/Roy P. Salins

Roy P. Salins

cc:     All counsel of record via ECF
        Chambers (file stamped copy by e-mail at Failla_NYSDChambers@nysd.uscourts.gov)