# LAW OFFICES OF SCOTT E. LEEMON, P.C.

41 Madison Avenue, 31st Floor
New York, New York 10010
(212) 696-9111--- Office
(917) 238-0880----Mobile
scott@leemonlaw.com
www.leemonlaw.com

------------------------------------------------------------------------

November 8, 2024

Via ECF
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Richard v. Combs, et al., Case No. 24-cv-6848

Dear Judge Failla:

We represent defendant Harve Pierre in the above-captioned matter. We write to notify the Court of Mr. Pierre's intention to file a motion to dismiss Plaintiff, Dawn Richard's, Complaint.

### GROUNDS FOR THE PROPOSED MOTION

The Complaint's factual allegations concerning Pierre relate to a single episode in December 2010. (Compl. ¶ 98.) Richard claims that Pierre was present when Combs' bodyguard intervened in an altercation between her and Combs in the lobby of a Manhattan recording studio. (Id. at ¶ 98.) "[E]scort[ing]" Richard out of the building, the bodyguard allegedly "forced [her] into" the backseat of the "Bad Boy Records Bentley," which was parked outside, and confined her in the vehicle for a period of hours. (Id. at ¶¶ 99-103.) According to the Complaint, Pierre "ordered" the bodyguard to release Richard from the Bentley only "after her father arrived [at the studio] and demanded to see her." (Id. at ¶ 103.)

### Count One: Violation of the Victims of Gender-Motivated Violence Act, NYC Admin. Code §§ 10-1101, et seq. ("GMVL")

The Complaint's GMVL claim fails for two reasons. First, Plaintiff's theory of liability as to Mr. Pierre – i.e. that he "enabled" Combs' alleged commission of crimes of violence motivated by gender (Compl. ¶ 115) – relies upon the GMVL's 2022 amendment, which extended liability under the statute to certain third parties. See N.Y.C. Local Law 21-2022 (expanding the scope of GMVL liability to a third party who "directs, enables, participates in, or conspires in the commission of" a crime of violence motivated by gender) (emphasis original). The 2022 amendment to the GMVL does not, however, apply retroactively to the events alleged in the Complaint, which are said to have occurred in late 2010. Bensky v. Indyke, No. 24-cv-1204, --- F. Supp. 3d ----, 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5 2024); see Doe v. The Lee Strasberg Theatre & Film Inst., No. 952014/2023, 2023 WL 8895417, *2 (Supt. Ct. N.Y. Cty. Dec. 21, 2023) (observing that a claims revival provision "cannot revive a claim that could not have existed at the time of the alleged offense").

Second, putting aside the question of retroactivity, the Complaint's factual allegations fail to support a reasonable inference that Mr. Pierre – whom the Complaint identifies only as "president of Bad Boy Entertainment and Bad Boy Records" (Compl. ¶ 11) – "enabled" Combs' conduct. See Enable, Meriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/enable (last visited Nov. 1, 2024) (defining "enable," a transitive verb, as "to provide with means or opportunity").

### Counts Nine and Eleven: False Imprisonment and Intentional Infliction of Emotional Distress (IIED)

To the extent that Plaintiff's claims for False Imprisonment and Intentional Infliction of Emotional Distress arise from the events that allegedly transpired outside the Manhattan recording studio in 2010, they are time-barred. Mitchell v. Home, 377 F. Supp. 2d 361, 377 (S.D.N.Y. 2005) (noting New York State's one-year limitations period for claims of false imprisonment); Barkai v. Neuendorf, No. 21-cv-4060, 2024 WL 710315, at *10 (S.D.N.Y. Feb. 21, 2024) (applying one-year limitation period to claim for intentional infliction of emotional distress).

Even if the claims were timely, they would be insufficient as to Pierre because the Complaint fails to allege that he engaged in an "affirmative tortious act" of any kind. Peguero v. 601 Realty Corp., 58 A.D.3d 556, 559 (1st Dept. 2009); see id. (observing that "personal liability cannot be imposed on a corporate officer for nonfeasance, i.e., a failure to act").

### Count Twenty: Breach of Implied Covenant of Good Faith and Fair Dealing

Under New York law, a "cause of action based upon a breach of a covenant of good faith and faith dealing requires a contractual obligation between the parties." Liu Jo S.P.A. v. Jenner, 630 F. Supp. 3d 501, 518 (S.D.N.Y. 2022). The Complaint does not allege that a contractual relationship existed between Pierre and Plaintiff. As such, the Complaint fails to state a claim for breach of an implied covenant. See id.

### Count Twenty-One: Fraud, Intentional Misrepresentation, False Promise

Plaintiff does not allege that Pierre made any representation, much less one that was "material[ly] false" and "intended to defraud" her. Sheiner v. Supervalu Inc., No. 22-cv-10262, 2024 WL 2803030, at *7 (S.D.N.Y. May 28, 2024). And the Complaint's generalized and undifferentiated allegations of fraud on the part of the "Defendants" (Compl. ¶¶ 261-67) fail to clear the Fed. R. Civ. P. 9(b) specificity bar. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young, No. 91-cv-2923, 1994 WL 88129, at *7 (S.D.N.Y. Mar. 15, 1994) ("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b)"). As such, Plaintiff's common law fraud claim must be dismissed.

Respectfully submitted,

/s/ *Scott Leemon*

Scott E. Leemon

/s/ *Jonathan Savella*

Jonathan Savella

cc: All counsel (via ECF)