

November 21, 2024

Hon. Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

       **Re: *Richard v. Combs, et al.*; Case No. 1:24-cv-6848 (KPF)**

Dear Judge Failla:

    We represent Plaintiff Dawn Angelique Richard in the above-referenced matter. We hereby respond to Defendants Remote Productions Inc. and New Remote Productions Inc.'s (collectively, "Remote Defendants") October 30, 2024 pre-motion letter (Dkt. No. 82). The Remote Defendants significantly understate both their role in the underlying events and their continued liability.

    A. <u>Group Pleading is Appropriate Given Remote Defendants' Integration with Bad Boy Records</u>

    The Remote Defendants' characterization of the Complaint's group pleading as improper ignores the reality of their deep integration with Bad Boy Records and related entities. Far from being merely production companies involved with *Making the Band*, the Remote Defendants were integral to the system of exploitation alleged in the Complaint because:

    1. The Remote Defendants contracted with Plaintiff in 2004, 2005 and in 2009; in 2007, Mr. Combs' and the Bad Boy Defendants' agreements incorporated and continued the Remote contracts, specifically naming Bad Boy Records LLC as successor-in-interest to Remote Productions Inc.; and

    2. The Remote Defendants were not mere contractors but were effectively controlled by and operated as part of the Bad Boy enterprise during the relevant period; and

    3. The *Making the Band* contracts formed the foundation for the subsequent exploitative arrangements, creating the mechanism through which Mr. Combs and Bad Boy Defendants could exercise control over participants/employees like Ms. Richard; and

    4. On information and belief, the Remote Defendants maintained ongoing involvement through the continued exploitation of *Making the Band* footage and content, well beyond 2009, and as late as 2021.

    Courts have recognized that group pleading is appropriate where defendants are alleged to be part of a closely related group of parties such that an entity may be liable for the acts of a wrongdoer if the wrongdoer is the other's *alter ego. In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 292 (S.D.N.Y.

2005).[1] The integration between the Remote Defendants and Bad Boy Defendants justifies the Complaint's treatment of them as part of the broader enterprise.

### B. Plaintiff's Claims Against Remote Defendants Are Not Time-Barred

#### 1. Equitable Tolling Applies

The Remote Defendants' attempt to isolate themselves from the broader pattern of duress ignores the integrated nature of the enterprise. Here, the Remote Defendants' integration with Bad Boy establishes that connection. See *Jerome M. Sobel & Co v. Fleck*, 2003 WL 22839799, S.D.N.Y. where the Court found that the complaint alleges a sufficiently close connection between the defendants and the scheme (which was to provide accounting services in violation of the partnership agreement) and that each of the defendants "could reasonably have foreseen" that the mail or wires would be used "in the ordinary course of business as a result of" their acts. *Jerome, supra, citing US v. Bortnovsky,* 879 F.2d 30, at 36 (2nd Cir 1989).

The duress alleged in the Complaint was not merely "psychological stress" as the Remote Defendants suggest, but rather a coordinated system of threats and coercion that prevented Ms. Richard from asserting her rights against any of the involved parties. Under New York law, where a plaintiff is subjected to a "continuous wrong," duress tolling is appropriate. *Cullen v. Margiotta,* 811 F.2d 698, 722 (2d Cir.).  It is well-understood that continuing duress or undue influence – as Plaintiff experienced and alleged – may toll a statute of limitations. *See, e.g., Pacchiana v. Pacchiana,* 94 A.D.2d 721, 721, 462 N.Y.S.2d 256, 257 (2d Dep't 1983). The Remote Defendants' participation in the continuous wrong and perpetuating the duress that Plaintiff endured, while reaping the benefits of the scheme, justifies tolling as to them.

#### 2. Plaintiff's Claims Involve Continuing Violations

On information and belief, the Remote Defendants incorrectly assert that all relevant conduct ended in 2009. The Complaint alleges ongoing exploitation of Ms. Richard's image and performances through use of *Making the Band* content and beyond, all of which continues to generate revenue for the Remote Defendants.

Plaintiff has sufficiently alleged violation of the Victims of Gender-Motivated Violence Act (VGMVA) against Mr. Combs and the Bad Boy Records Defendants and Remote Defendants' participation in same in Count 1 of Plaintiff's Complaint. Plaintiff, however, has not asserted that the VGMVA provides a basis for reviving Counts 20 and 21. As to the Remote Defendants, Plaintiff's claims are viable based on the principles of equitable tolling and continuing violations discussed herein.

### C. Plaintiff's Claims Are Adequately Pled

#### 1. Breach of Implied Covenant

The Complaint adequately alleges the Remote Defendants' breach of implied contractual obligations. Through the *Making the Band* contracts, the Remote Defendants undertook obligations regarding Ms. Richard's compensation and treatment. In condoning the behavior of Mr. Combs and the

---

[1] Notably, New York will disregard the corporate form "when the corporation has been so dominated by an individual or another corporation... and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own"   and this domination was used "to commit a fraud or other wrong that causes the plaintiff's loss."

Our attorneys are admitted to practice law in California, New York, Florida, Ohio and Illinois
26565 Agoura Road., Suite 200, Calabasas, CA 91302 | Office: (818) 914-7397 | Fax: (818) 884-8079 | TheBloomFirm.com

B

Bad Boy Defendants, the Remote Defendants participated in the broader scheme to deny Plaintiff fair compensation and exploit her services and in so doing, breached their obligations.

### 2. Fraud Claims

The fraud claim is pled with sufficient particularity as to the Remote Defendants. The Complaint details (a) The Remote Defendants' role in crafting and presenting the false premises of *Making the Band;* (b) The Remote Defendants' knowing participation in misrepresentations about contestants' compensation and rights; and (c) The Remote Defendants' continued concealment of the true nature of the exploitation scheme by their affiliation with Combs. The group pleading of fraud is appropriate here because the Remote Defendants as successors-in-interest were the equivalent of "insiders or affiliates" in a coordinated scheme. *See Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir. 1986). Moreover, the fact that the Plaintiffs engage in "group pleading" is not, by itself, fatal to their proposed breach of fiduciary duty claims. *Schwartzco Enterprises LLC v. TMH Mgmt.*, LLC, 60 F. Supp. 3d 331, 353-54. "[T]he group pleading doctrine applies to breach of fiduciary duty claims that are rooted in fraud, as is the case here." *King Cnty., Wash.,* 863 F.Supp.2d at 311; *see Adelphia Recovery Trust v. Bank of America, N.A.,* 624 F.Supp.2d 292, 319-20 (S.D.N.Y.2009).[2]

As a final consideration, the Complaint could be amended, if necessary, to more particularly allege the insider, affiliate, integrated and successive nature of the relationship between Remote Defendants and Bad Boy Records.

Respectfully submitted on November 21, 2024.

| THE BLOOM FIRM: | IP LEGAL STUDIO, LLC: |
|---|---|
| /s/ Yasmine Meyer | *[signature]* |
| YASMINE MEYER<br>Attorneys for Plaintiff<br>DAWN RICHARD | LISA CERVANTES<br>Attorney for Plaintiff<br>DAWN RICHARD |

---

[2] "The group pleading doctrine is an exception to the requirement that the fraudulent acts of each defendant be identified separately in the complaint." *Elliott Assocs., L.P. v. Hayes*, 141 F. Supp. 2d 344, 354 (S.D.N.Y. 2000). "The group pleading doctrine allows particular statements or omissions to be attributed to individual defendants even when the exact source of those statements is unknown." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 405 (S.D.N.Y. 2010). "Group pleading allows plaintiffs only to connect defendants to statements — it does not also transitively convey scienter." Id. at 406. "In order to invoke the group pleading doctrine against a particular defendant the complaint must allege facts indicating that the defendant was a corporate insider, with direct involvement in day-to-day affairs, at the entity issuing the statement." *In re Alstom SA*, 406 F. Supp. 2d 433, 449 (S.D.N.Y. 2005); cf. *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir. 1986) ("[N]o specific connection between fraudulent representations in the Offering Memorandum and particular defendants is necessary where, as here, defendants are insiders or affiliates participating in the offer of the securities in question."). Furthermore, "[w]hile it is settled that the group pleading doctrine is an exception to the requirement that the fraudulent acts of each defendant be identified separately in the complaint, this does not imply that the group pleading doctrine applies only to fraud claims; rather, it applies whenever Rule 9(b) applies, which is whenever the alleged conduct of defendants is fraudulent in nature." *Schwartzco Enterprises LLC v. TMH Mgmt.*, LLC, 60 F. Supp. 3d 331, 350 (E.D.N.Y. 2014). For example, "[t]he group pleading doctrine applies to breach of fiduciary duty claims that are rooted in fraud." *Id.* at 352-53.

Our attorneys are admitted to practice law in California, New York, Florida, Ohio and Illinois
26565 Agoura Road., Suite 200, Calabasas, CA 91302 | Office: (818) 914-7397 | Fax: (818) 884-8079 | TheBloomFirm.com

B