**SHER TREMONTE LLP**

January 22, 2025

**BY ECF**
The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Richard v. Combs et al.*, 24-cv-06848 (KPF)

Dear Judge Failla:

      We write on behalf of the Combs Defendants,[1] pursuant to Rule 4(A) of the Court's Individual Rules, to respectfully inform the Court of the Combs Defendants' intention to move to dismiss the Complaint, under F.R.C.P. 12(b)(6). In her sprawling Complaint – which asserts 21 causes of action ("COAs") against more than two dozen defendants (lumped together indiscriminately) – Plaintiff Dawn Richard seeks to transform a straightforward commercial dispute into a headline-grabbing sex trafficking conspiracy. Even if the outrageous facts alleged were true (they are not), they do not support Richard's claims, which, in addition to being insufficiently pled, are also time barred (by many years) and precluded by contractual releases.

      **I.**    **Plaintiff Fails to State Claims for Trafficking or Forced Labor**

      The suggestion that Richard was trafficked or conscripted into forced labor is ludicrous and her third through sixth COAs are wholly unsupported by the facts alleged. For example, the Complaint does not contain a single allegation that Plaintiff engaged in sex, let alone a commercial sex act performed due to coercion, force, or threats thereof. *See Corradino v. Liquidnet Holdings Inc.*, 19 Civ. 10434 (LGS), 2021 WL 2853362, at *3-4 (S.D.N.Y. July 8, 2021) (dismissing TVPA claim for failure to allege "commercial sex act" due to "force, threats of force or coercion"). Nor do the facts alleged reflect the Combs Defendants knowingly benefited from any such act. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169-70 (S.D.N.Y. 2019). The fourth COA also fails because NYSSL section 483-bb does not apply retroactively to events that predate the law's 2016 enactment. *S.J. v. Choice Hotels Int., Inc.*, 473 F. Supp. 3d 147, 156-57 (E.D.N.Y. 2020). The sixth COA is deficient as to the Combs Corporate Defendants for the additional reason that the California statute does not apply to companies. *Maslic v. ISM vuzem d.o.o*, No. 21-CV-02556, 2024 WL 3408217, at *7 (N.D. Cal. July 11, 2024). The Complaint likewise fails to allege Plaintiff was forced to provide labor to any Defendant, let alone to each of the thirteen Combs Defendants against whom she indiscriminately asserts claims. At most, Plaintiff complains that she was underpaid

---

[1] The Combs Defendants include Sean Combs ("Combs"), Daddy's House Recordings, Inc. (incorrectly sued as ("i/s/a") Daddy's House Recording Studio), Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., 1169 Corp. f/k/a Sean Combs Music Inc. (i/s/a The Sean Comb Music Inc.), Sean Combs Capital LLC, CE OpCo, LLC (f/k/a Combs Enterprises LLC) (i/s/a Combs Enterprises LLC), Combs Wines and Spirits LLC, Janice Combs Publishing LLC (i/s/a Janice Combs Publishing Inc), Janice Combs Publishing Holdings, Inc., and Love Records, Inc. (together, "Combs Defendants," and without Combs, "Combs Corporate Defendants").

and/or subjected to difficult work conditions (which do not constitute forced labor). *See Edmondson v. Raniere*, No. 20-cv-485, 2024 WL 4334374, at *28-29 (E.D.N.Y. Sept. 27, 2024) (allegations of "sleep deprivation, psychological, and verbal abuse" did not "make out a forced labor claim").

### II. Victims of Gender Motivated Violence ("VGM") Claim Fails

Richard does not state a claim under the VGM [first COA] because state law preempts its revival provision,[2] and because the Complaint does not allege any Combs Defendant did anything presenting a serious risk of physical injury to Plaintiff. For example, allegations that her buttocks and chest were touched while styling Richard's outfit for a performance (Compl. ¶ 87) are decidedly insufficient to state a VGM claim. *Bellino v. Tallarico*, No. 24-cv-0712, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (dismissing VGM claim premised on forcible kissing and touching of breasts, buttocks, and genitals). The VGM claim fails as to the Combs Corporate Defendants for the additional reason that the alleged conduct occurred when the VGM did not apply to companies. *See Bensky v. Indyke*, No. 24-cv-1204, 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024).

### III. Plaintiff Fails to State Contract, Fraud, and Other Common Law Claims

Plaintiff does not identify any Combs Defendant that actually breached a specific provision of any identified contract [nineteenth COA].[3] Thus, her contract claim must be dismissed. *Barker v. Time Warner Cable, Inc.*, 83 A.D.3d 750, 751 (2d Dep't 2011) (to plead breach of contract, plaintiff must identify an enforceable contract and particular provision breached). Plaintiff's claim for breach of the covenant of good faith and fair dealing [twentieth COA] likewise fails because it requires the existence of a contract and is duplicative. *See Liu Jo S.P.A. v. Jenner*, 630 F. Supp. 3d 501, 518 (S.D.N.Y. 2022).

The Complaint is similarly bereft of the "who, what, when, where, and how" that is necessary to plead fraud [twenty-first COA] with the requisite particularity against any, let alone all, of the Combs Defendants. *In re Initial Pub. Offering Secs. Litig.*, 241 F. Supp. 2d 281, 327 (S.D.N.Y. 2003). Plaintiff likewise fails to allege facts against each Combs Defendant sufficient to plead the requisite elements of other common law claims like false imprisonment,[4] unjust enrichment, and intentional infliction of emotional distress ("IIED") [ninth, tenth, eleventh, and seventeenth COAs] which are also duplicative of other COAs.[5] And to the extent claims are premised on alleged nonpayment for work, they fail because Richard was paid for all her work.

---

[2] *See Parker v. Alexander*, 24-CV-4813, ECF 42 (S.D.N.Y. Jan. 22, 2025) (VGM revival preempted by ASA/CVA).
[3] The Complaint conclusorily alleges that Richard had unspecified contracts with "Bad Boy Records" (a term defined to include **_ten_** different corporate defendants, including three that are not Combs Defendants) (*see* Compl. ¶¶ 54, 9) and with unspecified "Defendants" (*see*, *e.g.*, *id.* ¶¶ 105, 242-45). The only contract alleged to have been made with a Combs Defendant—a 2009 agreement with "The Sean Comb Music, Inc." [sic]—was allegedly assigned to a division of Sony Music Publishing LLC (an entity that has since been dismissed from this lawsuit). Compl. ¶¶ 238-40. *See also* ECF 78.
[4] *See Bower v. Weisman*, 639 F. Supp. 532, 540-41 (S.D.N.Y. 1986).
[5] *See Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012); *Leonard v. Reinhardt*, 20 A.D.3d 510, 510 (2d Dep't 2005).

### IV.     The Employment and Other Statutory Claims Fail on Their Face

Plaintiff cannot state employment-related claims [twelfth through sixteenth COA] because she fails to plead which, if any, of the Combs Defendants qualified as her "employer[s]" under any of the applicable state statutes.[6] The allegations do not make out the other elements of her employment claims either. For example, the Complaint does not plead retaliation because it does not show the Combs Defendants "subjected [Plaintiff] to an adverse employment action" because of a protected activity. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005). Nor does the Complaint state a right of publicity claim [seventeenth COA] because (among other things) it fails to allege facts explaining how or when any of the Combs Defendants "used" Richard's voice for "purposes of advertising" (*see* Compl. ¶¶ 80-82, 212-18). *See, e.g.*, *Bendit v. Canva, Inc.*, No. 23-cv-473, 2023 WL 5391413, at *8 (S.D.N.Y Aug. 22, 2023).

### V.     The Claims Are Time Barred

Virtually every allegation against the Combs Defendants is premised on conduct that allegedly occurred between **2004 and 2011**. *See* Complaint ¶¶ 1-106.[7] Thus, the statute of limitations for nearly all of Plaintiff's claims has run.[8] The Complaint's conclusory allegations of duress do not toll the statute of limitations. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 175 (S.D.N.Y. 2019). Nor does Plaintiff's facially absurd claim (Compl. ¶ 120) that she "could not have reasonably discovered" her *own* injuries "until November 2023 when Ms. Ventura filed a lawsuit against Defendant." *Geiss*, 383 F. Supp. 3d at 173.

### VI.     Plaintiff Knowingly Released Her Claims Years Ago

Even if Plaintiff had stated any viable claims, every single one of her claims (except a single (invalid) allegation of Copyright infringement in 2023) cannot be pursued as a matter of law because in October 2021, Richard released all of her claims against the Combs Defendants that existed as of that date (and, in June 2007, had already released all claims other than those for royalties). *See Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011) (release required dismissal).

Respectfully submitted,
 */s/ Erica A. Wolff*
Erica A. Wolff
Michael Tremonte

cc:     All Counsel of Record via ECF

---

[6] Even if she had identified a company that employed her, the claims would still fail as to Combs. *See Nezaj v. PS450 Bar and Rest.*, 719 F. Supp. 318, 329 (S.D.N.Y. 2024) ("where a corporate entity is the plaintiff's employer, an individual affiliated with the entity cannot himself qualify as the employer").

[7] The only exceptions are: (1) a single claim for alleged Copyright infringement in 2023; and (2) a vague allegation that Richard was not compensated for time spent "preparing" for a show that was halted due to Covid in 2020, which allegations are not actionable for other reasons. *See* Compl. ¶¶ 107, 109.

[8] *See, e.g.*, N.Y. CPLR § 215(3) (one year for assault, battery, false imprisonment, and IIED); *id.* § 214(2) (3 years for NYSHRL); N.Y. Exec. Law § 8-502(d) (3 years for NYCHRL); Cal. Civil Code § 52.5(c) (seven years for violations of Cal. Civil Code § 52.5); 18 U.S.C. § 1595(c) (10 years for violations of 18 U.S.C. § 1591 *et seq.*); N.Y.C. Admin. Code § 10-1105 and *Bellino*, 2024 WL 1344075, at *1 (seven-year statute of limitations for VGM and revival amendment preempted by state law).