JOHN C. HUESTON  
*Partner*

jhueston@hueston.com  
T: 949 226 6740  
F: 888 866 4825

1 Little W 12th Street  
New York, NY 10014

**HUESTON HENNIGAN LLP**

May 8, 2025

Hon. Katherine Polk Failla  
U.S. District Court for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007

**Re:** *Richard v. Combs, et al.*, Case No. 1:24-cv-6848 (KPF)

Dear Judge Failla:

    I write on behalf of defendant Tri Star Sports and Entertainment, Inc. ("Tri Star") pursuant to Rule 4.A. of the Court's Individual Rules to respectfully notify the Court that Tri Star intends to file a motion for Sanctions under Fed. R. Civ. P. 11 ("Motion") against Plaintiff and her counsel regarding the First Amended Complaint filed by Plaintiff ("FAC"). In the alternative, and if the Court deems it appropriate, Tri Star requests a Pre-Motion Conference regarding the same.[1]

    Under Rule 11, a complaint is sanctionable if its allegations are objectively frivolous—either legally or factually. *See* Fed. R. Civ. P. 11(b)(2)-(3); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009). Plaintiff's FAC is both.

## I. Sanctions are Warranted Under Fed. R. Civ. P. 11(b)(3) Because the Claims Against Tri Star are Utterly Lacking in Evidentiary Support

    Plaintiff's claims against Tri Star are sanctionable under Rule 11 because they are premised on false or utterly unsupported factual contentions. Because these are each, and taken cumulatively, "material allegation[s]" rather than "isolated misstatement[s] concerning a collateral or trivial fact," sanctions are warranted. *In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*, 712 F.Supp.2d 255, 264 (S.D.N.Y. 2010) (imposing monetary sanctions jointly and severally against multiple attorneys).

### A. Plaintiff's Total Failure to Plead Any Bases for Personal Jurisdiction Against Tri Star

    Plaintiff's own allegations plainly show that there is no basis for exercising personal jurisdiction over Tri Star, "a Tennessee corporation also doing business in California." FAC ¶ 27. Plaintiff's total failure to include a single personal jurisdiction allegation against Tri Star under the New York long-arm statute (N.Y. C.P.L.R. §§ 301, 302) is objectively unreasonable. General jurisdiction does not exist because Tri Star is neither incorporated in nor "essentially at home" in New York. Plaintiff also fails to plead *a single basis* for specific jurisdiction. Numerous courts in this circuit have imposed sanctions on plaintiffs' counsel for a similar failure to make basic inquiries into or assert prima facie allegations of personal jurisdiction. *See, e.g., Levine*

---

[1] On April 23, 2025, my firm sent this letter to Plaintiff's counsel, and they requested an extension of 10 days (to May 2) to consider it, which we granted. On May 2, we granted Plaintiff's counsel's request of a further extension to May 5. On May 5, Plaintiff's counsel Lisa Cervantes of IP Legal Studios LLC responded and attempted to refute Tri Star's grounds for sanctions, but did not respond to whether Richard consented to a pre-motion conference.

Hon. Katherine Polk Failla
May 8, 2025
Page 2

**HUESTON HENNIGAN LLP**

*v. F.D.I.C.*, 2 F.3d 476, 479 (2d Cir. 1993) (affirming imposition of sanctions against plaintiff's counsel after action was dismissed for lack of personal jurisdiction); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 666 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999).

### B.  Plaintiff Asserts False Allegations that Misrepresent Tri Star's Involvement

Plaintiff's copyright claims are rife with conclusory allegations that improperly exaggerate both Plaintiff's purported ownership rights and Tri Star's alleged involvement.

*First*, Plaintiff alleges that her purported "exclusive right" to exploit a song she co-authored, *Deliver Me,* was infringed by the publication of this song on Sean Combs' ("Combs") 2023 album and in related marketing. FAC ¶¶ 121-23; 255. But Plaintiff's claim is objectively false, as shown by the ***five*** listed co-authors on the Registration Certificate, which she herself (certified by one of her counsel of record, Lisa Cervantes) prepared and filed with the Copyright Office. *Id.*; Ex. A. That Certificate also stated that only Love Records held the rights and permissions. This false allegation is material, given that only an exclusive rightsholder can sue for infringement, and co-authors are not liable for infringement. *See infra* at 3.

*Second*, Plaintiff pleads no non-conclusory allegations to show that Tri Star had (i) "knowledge" of any infringing activity, and (ii) "materially contribute[d]" to that infringing conduct (the essential elements of contributory infringement). What's more, the pleadings against Tri Star are false. Plaintiff falsely implies that Tri Star had actual or constructive knowledge and materially participated in the infringement because it was negotiating a draft contract with Plaintiff but elected not to sign. FAC ¶¶ 126-127; 254; 265. Not so. Tri Star was merely directed by Grubman Shire Meiselas & Sacks, P.C., attorneys for Tri Star's client, Love Records, to wire Plaintiff $25,000 and promptly did so. Tri Star never negotiated nor was a contemplated party to any draft contract with Plaintiff. It was not even *copied* on any negotiations. Moreover, Tri Star was also never "informed by" Plaintiff that "publication absent the *Deliver Me* Contract's completion is copyright infringement." *Id.* ¶ 131. Plaintiff's own Registration Certificate (stating that Love Records held the rights and permissions to *Deliver Me*) underscores that Tri Star would have no reason to know of any infringement.

*Third,* and relatedly, because Plaintiff includes no non-conclusory allegations regarding Tri Star's "knowledge" there is also no factual support for Plaintiff's thin attempt to claim that Tri Star acted "willful[ly], intentional[ly], and malicious[ly]" to recover enhanced statutory damages under 17 U.S.C. § 504(c)(2). FAC ¶¶ 258; 265. For infringement to be "willful," the Plaintiff must show that Tri Star "was actually aware of the infringing activity, or [that Defendant's] actions were the result of reckless disregard for, or willful blindness to, the plaintiff's copyright interests." *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). Tri Star was not in communication with Plaintiff. And given Combs' right as a joint author to exploit his copyright, there was no infringement by Combs or any other Defendant – let alone willful infringement. *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (infringement is not willful where a party "reasonably and in good faith believes that its conduct is innocent").

*Third*, the allegation "[o]n information and belief" that Tri Star "had access to" *Deliver Me*, and "utilized same without a license, authorization or consent from [Plaintiff]" (FAC ¶ 134) is also false and utterly lacking in any evidentiary support. Tri Star is a business management services firm that did not ever take possession of *Deliver Me* – let alone "utilize" said work. *Id*.

# HUESTON HENNIGAN LLP

*Fourth*, the Supreme Court and Second Circuit have repeatedly held that establishing vicarious copyright infringement requires proof that the defendant (i) had a "right to stop or limit" the infringing activity, and (ii) "profit[ed] from [the] direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Plaintiff's only threadbare allegations are that each of the named defendants "had the right and ability to supervise the creation and exploitation of *Deliver Me* and/or had a direct financial interest in the same," FAC ¶ 262, and that Tri Star (and each other Defendant) "obtained and continue[s] to obtain profits from the exploitation of *Deliver Me*" are in equal parts false and vague. FAC ¶¶ 257; 264. Does Plaintiff allege that *Tri Star* had the right and ability to control the other Defendants, or vice versa? And what was the nature of this "direct financial interest" or these "profits"? Tri Star is left guessing. In any event, Tri Star had no right or ability to make creative or legal decisions regarding songs to be included on Combs' album, and has obtained no "profits" or other direct financial benefit from *Deliver Me*.

## II. Sanctions are Warranted Under Fed. R. Civ. P. 11(b)(2) Because the Claims Against Tri Star are Legally Frivolous

Even if Plaintiff's Complaint weren't replete with factual inaccuracies, sanctions are separately warranted because her copyright infringement claims are clearly foreclosed by controlling law.

Both copyright claims are frivolous because, as her own Registration Certificate shows, Plaintiff is not the exclusive rightsholder to *Deliver Me*, and therefore has no standing to sue. FAC ¶¶ 121-23; 255; Ex. A (Registration Certificate). *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 92 (2d Cir. 1998) ("United States copyright law permits suit only by owners of an exclusive right under a copyright"). This alone is dispositive. Relatedly, as a co-author of *Deliver Me*, Combs cannot be liable for infringement. *Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984) ("[T]he lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him; nor can a joint owner of a copyright sue his co-owner for infringement."); *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007) ("[E]ach joint author has the right to use or to license the work"); *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir. 1984) ("A co-owner of a copyright cannot be liable to another co-owner for infringement"). Since Combs has no liability for infringement under controlling law, the bare contention that Tri Star is liable for Combs' exploitation of *Deliver Me* is patently frivolous and sanctionable. *Robinson v. Double R Records*, 2007 WL 2049724, at *2 (S.D.N.Y. July 16, 2007) (imposing Rule 11 sanctions on plaintiff for pursuing copyright infringement claim against co-owner).

Plaintiff's direct copyright claim (Count 18) is also separately frivolous against Tri Star because the Second Circuit has repeatedly affirmed that direct copyright infringement requires "volitional conduct" that "causes" the infringement. *See, e.g., Cartoon Network LP, LLLP v. CSC Holdings, Inc.,* 536 F.3d 121, 131 (2d Cir. 2008) ("[V]olitional conduct is an important element of direct liability"). Plaintiff never pleads *any* specific, volitional act by Tri Star. FAC ¶ 255 (alleging only that Tri Star and other defendants "produced, copied, reproduced, published, distributed, transmitted, performed, licensed, and or/otherwise used" the work). But Tri Star does not itself possess or publish music—it is a business management firm. Without evidence of a volitional act relating to *Deliver Me*, this theory is foreclosed under the controlling law.

\* \* \* \* \* \* \* \* \* \*

For these reasons, Tri Star intends to pursue Rule 11 sanctions against Plaintiff (under Rule 11(b)(3)) and Plaintiffs' counsel (under Rule 11(b)(2)-(3)). Tri Star will move for the attorneys of record at

**HUESTON HENNIGAN LLP**

The Bloom Firm and IP Legal Studios LLC (who jointly presented the FAC to the Court) to be jointly and severally held liable for monetary and other sanctions.[2]

Respectfully submitted,

John C. Hueston

---

[2] Tri Star respectfully requests that the Court set a deadline for the sanctions motion that would allow Tri Star to comply with the procedural requirements in Fed. R. Civ. P. 11(c)(2) (providing for service of the motion on Plaintiff and Plaintiff's counsel 21 days prior to filing of the motion to allow Plaintiff the opportunity to dismiss her claims against Tri Star).