# LAW OFFICES OF SCOTT E. LEEMON, P.C.
### 41 Madison Avenue, 31st Floor
### New York, New York 10010
### (212) 696-9111--- Office
### (917) 238-0880---Mobile
### scott@leemonlaw.com
### www.leemonlaw.com

-------------------------------------------------------------------------

August 15, 2025

<u>Via ECF</u>

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    Richard v. Combs, et al., Case No. 24-cv-6848

Dear Judge Failla:

    Mr. Pierre submits this brief opposition to Plaintiff's motion for leave to file a Second Amended Complaint.

    The Complaint and First Amended Complaint alleged that Mr. Pierre had "enabled" Mr. Combs' alleged abuse of Plaintiff and was, therefore, liable as a third-party under the GMVA. (Compl. ¶ 115; First Am. Compl. ¶ 145); *see* NYC Admin. Code § 10-1104 (creating a cause of action against "a party who commits, directs, *enables*, participates in, or conspires in the commission" of a gender-motivated crime of violence) (emphasis supplied). Plaintiff's bid to assign third-party liability to Mr. Pierre, though legally inviable,[1] was at least consistent with her claim that Mr. Pierre had *witnessed* an altercation between Mr. Combs and Plaintiff in the lobby of a Manhattan rehearsal studio. (*See* Compl. ¶¶ 98-100.)

    For the first time in the proposed Second Amended Complaint, Plaintiff alleges that Mr. Pierre is now *principally* liable under the GMVA. (*See* Sec. Am. Compl. ¶ 128.)

This new theory of liability is tailored to Plaintiff's more recent claim that Mr. Pierre not only witnessed the altercation between Mr. Combs and Plaintiff but now actively participated in it when he "raised his hand and swung it towards Plaintiff's face." (*Id.* at 93.)

Even if the truth of this late-breaking allegation were accepted, the proposed amendment would be futile. *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012) ("A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted."). At the outset, Plaintiff failed to address the principal short-coming in her case: all of her causes of action are time-barred.[2]

Plaintiff's revised GMVA claim is, moreover, patently insufficient with respect to Mr. Pierre. A valid claim under the GMVA consists of "(1) [an] alleged act [that] constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) *that was perpetrated because of plaintiff's gender*; (4) *in part because of animus against plaintiff's gender*; and ([5]) resulted in injury." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F.Supp.3d 429, 455 (S.D.N.Y. 2018) (emphasis supplied). The proposed Second Amended Complaint, which does not so much as hint that Mr. Pierre "harbored or expressed any animosity toward women," *id.*, fails utterly to establish the third and fourth element of its GMVA claim against Mr. Pierre. *See Beter v. Baughman*, No. 24-cv-79, 2024 WL 4252036, at *6 (S.D.N.Y. Sept. 5, 2024), *R&R adopted*, 2024 WL 4252035 (S.D.N.Y. Sept. 20) (observing that the "animus element typically requires the plaintiff to make allegations that the defendant expressed hatred toward women as a group or to allege actions and statements by the perpetrator during the commission of the alleged crime of violence") (internal quotations omitted). The absence of any allegation of Mr. Pierre's gender "animus" is fatal to the Second Amended Complaint's GMVA claim. *Garcia v. Comprehensive Cntr., LLC*, No. 17-cv-8970, 2018 WL 3918180, at *5 (SDNY Aug. 16, 2018).

For the reasons stated, the Plaintiff motion to file a Second Amended Complaint should be denied.

Very truly yours,

/s/

Scott Leemon

/s/

Jonathan Savella

Cc: All counsel (via ECF)