# THE BLOOMFIRM
### Attorneys at Law

May 8, 2026

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re: *Richard v. Combs et al.*, Case No. 24-cv-06848 (KPF)**

Dear Judge Failla:

We represent Plaintiff Dawn Richard in the above-captioned matter. We respectfully submit this letter in response to Defendants' April 10, 2026 letter to the Court (ECF No. 183), which provides notice of *Withers v. Combs*, No. 24 Civ. 8852 (JPC), 2026 WL 866837 (S.D.N.Y. Mar. 30, 2026). [1]

*Withers* does not warrant dismissal of Ms. Richard's VGMVPL claim for three independent reasons: (1) *Withers* expressly preserves the categorical approach of *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019) for opposite-sex sexual assault claims, such as Ms. Richard's claim; (2) *Withers* is the outlier among recent S.D.N.Y. decisions, including a prior decision by Judge John P. Cronan himself in materially similar circumstances; and (3) even under *Withers'* particularized-pleading standard, Ms. Richard's operative complaint pleads ample extrinsic evidence of gender animus.

### *Withers* Does Not Reach Ms. Richard's Opposite-Sex Claim

*Withers* involved allegations of male-on-male sexual assault, and the court expressly limited its holding to that fact pattern. The court emphasized that "even if the First Department in *Breest* was correct that a man's rape or sexual assault of a woman necessarily implies his animus based on her gender (a finding that this Court does not necessarily endorse), it does not follow that a man's sexual assault of another man implies the same gender-based animus." *Withers*, at 16.

Ms. Richard is a woman alleging sexual assault and gender-targeted abuse by a male defendant. Her claim sits squarely within the male-on-female pattern that *Withers* itself preserves under *Breest*. Defendants' letter does not address this dispositive distinction.

### *Withers* is the Outlier Among S.D.N.Y. Decisions Applying *Breest*

*Withers* does not reflect the prevailing view in this District. Other S.D.N.Y. judges in the months immediately preceding *Withers*, have applied *Breest's* categorical approach. See *Cooper v. Tisci*, No. 25

---

[1] The letter providing notice of *Withers* was submitted by all Defendants other than Harve Pierre.

Civ. 4758 (LAK), 2025 WL 3470022, at *8 (S.D.N.Y. Dec. 3, 2025) (Kaplan, J.) (applying *Breest's* categorical rule to allegations of male-on-male sexual assault which is the very fact pattern *Withers* later declined to reach); *Baldwin v. TMPL Lexington LLC*, No. 23 Civ. 9899 (PAE), 2024 WL 3862150, at *13 (S.D.N.Y. Aug. 19, 2024) (Engelmayer, J.) (applying *Breest's* categorical rule to opposite-sex forcible touching); and *Doe v. Gross*, No. 23 Civ. 6325 (JPC), 2024 WL 3729007, at *1-2 (S.D.N.Y. Aug. 7, 2024) (Cronan, J.) (applying *Breest's* ruling that where the complaint alleges rape and sexual assault, "malice or ill will is apparent from the alleged commission of the act itself.").

### Ms. Richard's Allegations Independently Satisfy *Withers*

Ms. Richard, at any rate, pleads the precise type of extrinsic gender-animus evidence *Withers* identifies as sufficient, namely, that Combs repeatedly addressed Ms. Richard and other women as "bitches" and "hoes" (SAC ¶¶ 28-29); Combs threatened Ms. Richard and other women with gender-based slurs and threats of violence, including "you bitches want to die today" and "you could be missing" (SAC ¶ 62); Combs sexually assaulted Ms. Richard over a prolonged period, including by groping her breast area and treating her as an object for his sexual gratification (SAC ¶¶ 79-80, 89); and that when Ms. Richard objected to Combs's gender-based slurs, Combs and co-defendant Harve Pierre attempted to strike her, and Combs's bodyguard locked her inside a vehicle. (SAC ¶¶ 92-94.)

In their letter, Defendants describe *Withers* as a "dismiss[al]" yet omit the fact that the dismissal was without prejudice, contemplating that the plaintiff there may yet plead additional facts sufficient to satisfy the animus element. *Withers*, at 17-18. *Withers* therefore stands, at most, for the proposition that more particularized pleading is required, something which Ms. Richard has satisfied in her Complaint.

For the foregoing reasons, Defendants' supplemental authority does not support dismissal of Ms. Richard's VGMVPL claim.

Lastly, Ms. Richard respectfully requests a brief status conference for the limited purpose of addressing the appropriate sequencing of the Court's ruling on the pending motion to dismiss in light of *Parker v. Alexander*, No. 25-487-cv (2d Cir. Mar. 23, 2026), in which the Second Circuit certified to the New York Court of Appeals a question concerning the GMVL. A short conference would allow the parties to address whether judicial economy is served by awaiting that decision before the Court rules on the instant motion. Defendants do not consent to this request.

Respectfully submitted,

/s/ Lisa Bloom
Lisa Bloom

cc: All Counsel of Record via ECF

